UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.                     4:08-cr-7

JAMES WILLIAM BROWN,

Defendant.

## ORDER

Before the Court is James Brown's Motion to Return Seized Property. ECF No. 162. Brown seeks an order directing the government to return property seized from him pursuant to a search warrant. *Id.* at 3. The government avers that Brown has waited too long to request the property and that it destroyed the property long ago. ECF No. 163 at 2. The government has the better argument. Brown's motion is **DENIED**.

On May 5, 2009, this Court sentenced Brown to 296 months imprisonment for possessing and receiving child pornography. ECF No. 99. That conviction became final on October 2010, when the Supreme Court denied Brown a writ of certiorari. ECF No. 148. Over two years later Brown filed the present motion. ECF No. 163.

"When, as here, a [Federal] Rule [of Criminal Procedure 41(g)] motion is filed after criminal proceedings have terminated, the person from whom the property was seized is presumed to have a right to its return. . . ." *United States v. Potes Ramirez*, 260 F.3d 1310, 1314 (11th Cir. 2001) (internal quotations omitted). And when the government, as in this case, has destroyed the property whose return is requested, courts have the "authority to fashion equitable relief."[1] *See id.* at 1315. Nevertheless, principles of equity, like unclean hands and laches, may apply to bar claims for the return of seized property. *See id.*

The government argues that the two year delay between Brown's conviction becoming final and the filing of this motion qualifies as an unreasonable delay that triggers the bar laches imposes. ECF No. 163 at 2. Brown, for the first time in his reply brief, argues that this motion is, in fact, his *third* request for the return of property. ECF No. 164 at 2. He avers that he sent two letters, one in 2009 and one in 2010, to the U.S. Attorney's office in Savannah, Georgia, requesting his property be sent to his mother. *Id.* Brown further claims that the U.S. Attorney's office ignored his letters. *Id.*

Even accepting that Brown sent two letters to the U.S. Attorney,[2] the doctrine of laches[3] still bars any equitable relief here.

---

[1] Because of sovereign immunity, courts do not have the authority to award monetary relief for the destruction of property. *See Potes Ramirez*, 260 F.3d at 1316 (noting that "[n]ot only is there no express and unequivocal statutory waiver [of immunity] by Congress . . . but the Federal Tort Claims Act specifically prohibits money damages for '[a]ny claim arising in respect of . . . the detention of any goods, merchandise, or other property . . . by any law enforcement officer.'") (citation omitted). Brown's requests for monetary relief would fail on this ground even if laches did not apply.

[2] As noted above, Brown waited until his reply brief to present these letters to the Court. He also offers no proof of their mailing. The Court also notes the letters bear a striking resemblance in font and type to Brown's reply brief. Ignoring all that and accepting the letter's veracity, however, does not change the outcome of this motion.

[3] "[A] defendant must demonstrate the presence of three elements in order to successfully assert laches as

Brown filed his Rule 41(g) motion over two years after the second letter he claims to have sent. As the government cogently argues in its sur-reply, "any reasonable litigant should know that the government might soon dispose of any property connected to his closed case" after the Supreme Court denies certiorari. ECF No. 166. Yet Brown waited two more years after the denial of cert before moving for the return of his property. Such delay is neither reasonable nor excusable. The Court therefore must **DENY** Brown's motion.

This 28 day of March, 2013.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

a defense: (1) a delay in asserting a right or claim; (2) that the delay was not excusable; and (3) that there was undue prejudice to the party against whom the claim is asserted." *Kason Indus., Inc. v. Component Hardware Grp., Inc.*, 120 F.3d 1199, 1203 (11th Cir. 1997).